1

2

3

4

5

6

7

8                IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KATHY TILLEY,

11              Plaintiff,              CIV-S-05-0636 FCD GGH PS

12      vs.

13   SACRAMENTO SUPERIOR COURT,

14              Defendant.          FINDINGS & RECOMMENDATIONS

15   _____/

16          Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma

17   pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule

18   72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  Pursuant to 28 U.S.C. § 1915(e)(2), the court

19   is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if

20   the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

21   monetary relief against an immune defendant.

22      I.      Dismissal of Frivolous Complaint

23          An in forma pauperis complaint may be dismissed before service of process under

24   28 U.S.C. § 1915(d) if it is frivolous.  Under § 1915(d) a complaint may be legally or factually

25   frivolous.

26   \\\\\

1

1    A complaint is legally frivolous only if it is based on an "indisputably meritless

2  legal theory." Neitzke v. Williams, 490 U.S. 319, 327 (1989).  If a complaint has an arguable

3  basis in law, it is not legally frivolous for purposes of § 1915(d).  That it may fail for technical

4  reasons to state a claim, or that it may present a claim which requires extension of existing law, is

5  not dispositive of whether an in forma pauperis complaint is legally frivolous.  It must have no

6  arguable basis in law to be legally frivolous.  Examples of legally frivolous complaints are those

7  against defendants who are immune from suit, or which claim infringement of a legal interest

8  which does not exist.  Id.

9    The United States Supreme Court has clarified, in a case arising out of this circuit,

10  the standard to be used in determining whether a complaint is factually frivolous pursuant to §

11  1915(d).  "A court is not bound, as it usually is when making a determination based solely on the

12  pleadings, to accept without question the truth of the plaintiff's allegations. . . . A finding of

13  factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the

14  wholly incredible, whether or not there are judicially noticeable facts available to contradict

15  them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1991).  However, a pro se plaintiff's factual

16  allegations are subject to a liberal pleading standard less stringent standard than those drafted by

17  lawyers. Neitzke, supra, 490 U.S. 319, 330; Haines v. Kerner, 404 U.S. 519, 520 (1972).

18    Dismissal of a pro se complaint without leave to amend is proper only if it is clear

19  that the deficiencies of the complaint could not be cured by amendment.  Noll v. Carlson, 809

20  F.2d 1446 (9th Cir. 1987).  Unless it is clear that no amendment can cure the defect, a pro se

21  litigant proceeding in forma pauperis is entitled to notice and an opportunity to amend the

22  complaint before dismissal.  See Id. at 1448; Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir.

23  1984).

24    This action is frivolous for several reasons.  First, it appears the court lacks

25  subject matter jurisdiction over this case.  Second, even if the court had subject matter

26  jurisdiction, the domestic relations exception to federal jurisdiction would divest the court of the

2

1  power to hear the case.  Third, this court lacks the ability to grant the relief plaintiff seeks, i.e.,

2  "removal" of two cases from the juvenile division of Sacramento County Superior Court

3  ("Superior Court") adjudicating the status of plaintiff's sons as dependents of the court.  Even if

4  the court could remove these cases, such action would amount to a review of state court

5  proceedings, which is barred under the Rooker-Feldman doctrine.  Finally, the substance of

6  plaintiff's complaint amounts to a reprise of the same complaints alleged by plaintiff in a

7  previous case, which was dismissed for failure to state a claim.[1]

8               A.  Subject Matter Jurisdiction

9               A federal court is a court of limited jurisdiction, and may adjudicate only those

10 cases authorized by the Constitution and by Congress.  See Kokkonen v. Guardian Life Ins. Co,

11 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994).  U.S. Const. Art. III, § 1 provides that the

12 judicial power of the United States is vested in the Supreme Court, "and in such inferior Courts

13 as the Congress may from time to time ordain and establish."  Congress therefore confers

14 jurisdiction  upon federal district courts, as limited by U.S. Const. Art. III, § 2.  See Ankenbrandt

15 v. Richards, 504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992).  Lack of subject matter

16 jurisdiction may be raised at any time by either party or by the court.  See Attorneys Trust v.

17 Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

18               The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332 confer "federal

19 question" and "diversity" jurisdiction respectively.  Statutes which regulate specific subject

20

21         [1]  The court notes that plaintiff filed a complaint with this court in 2001, setting forth
   virtually the same allegations made in the present motion, i.e., that the Sacramento County
22 Superior Court unlawfully issued an order making plaintiff's minor children dependents of the
   court.  See Tilley v. Superior Court of the State of California, Case No. 2:01-cv-02277.  In
23 essence, plaintiff argued, as she does here, that the state court had no jurisdiction to order her
   children dependents of the state.  In that case, the court liberally construed plaintiff's claims to
24 plead a cause of action under 42 U.S.C. § 1983 for violations of plaintiff's rights under the
   Privileges and Immunities Clause of Article IV of the Constitution, the Privileges or Immunities
25 Clause of the Fourteenth Amendment, the Fourth Amendment, and the Due Process Clause of the
   Fourteenth Amendment.  After granting plaintiff leave to amend her complaint, the court
26 dismissed the action for failure to state a claim.

matter may also confer federal jurisdiction.  See generally, W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure BeforeTrial § 2:5.  Unless a complaint presents a plausible assertion of a substantial right, a federal court does not have jurisdiction.  See Bell v. Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945).  A federal claim which is so insubstantial as to be patently without merit cannot serve as the basis for federal jurisdiction.  See Hagens v. Lavine, 415 U.S. 528, 537-38, 94 S. Ct. 1372, 1379-80 (1974).

The plaintiff bears the burden of establishing the court's subject matter jurisdiction.  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."  Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted).  "Jurisdiction may not be sustained on a theory that the plaintiff has not advanced."  Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 809 n. 6, 106 S. Ct. 3229, 3233 n.6 (1986).

The complaint, styled "Emergency Petition for Removal" fails to establish a proper basis for this court's jurisdiction.  One portion of the complaint alleges "original jurisdiction" under Article III, Section 2 of the United States Constitution, apparently claiming that because plaintiff was a citizen of Nevada, the federal courts had jurisdiction over the California juvenile dependency proceeding.  Plaintiff apparently misconstrues the state dependency proceeding as a criminal trial in which she was the defendant.[2]  Even if plaintiff had been a criminal defendant in those proceedings, her citation to Article III does not constitute a basis for this court's jurisdiction over her various claims.

The complaint consists of several pages and attachments setting forth vague factual and legal allegations.  In sum, it appears to allege that the Superior Court, by virtue of its adjudication of the dependency proceedings concerning plaintiff's sons, violated plaintiff's

---

[2] A juvenile dependency proceeding is civil in nature and the parent is not a criminal defendant.  In re Kevin S., 6 Cal. Rptr. 3d 178, 185 (Cal. Ct. App. 2003) (citing Anders v. California, 386 U.S. 738 (1967)).

4

1   various rights under the First, Fifth, Sixth, Eighth and Fourteenth Amendments of the United

2   States Constitution.  More specifically, plaintiff alleges that the Superior Court violated her

3   rights under these amendments by erroneously exercising jurisdiction over the dependency

4   proceedings because she and her children were all residents of Nevada at the relevant time.

5   Among other things, plaintiff claims the Superior Court violated her right to a jury trial under the

6   Sixth Amendment, even though, as explained above, plaintiff was not a criminal defendant in the

7   dependency proceedings.  Further, plaintiff alleges the Superior Court violated her "right to

8   redress" under the First Amendment through its wrongful exercise of jurisdiction, and that the

9   court's order adjudging plaintiff's sons dependents of the court constitutes "cruel and unusual

10   punishment" in violation of the Eighth Amendment.

11          Despite plaintiff's reference to various constitutional amendments and her alleged

12   rights there under, she has failed to articulate a basis for this court's jurisdiction.

13                              1.  Domestic Relations Exception

14          Even if plaintiff had alleged a basis for jurisdiction, the domestic relations

15   exception to federal jurisdiction "divests the federal courts of power to issue divorce, alimony

16   and child custody decrees."  Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992), 112 S. Ct.

17   2206, 2215 (1992) (explaining domestic relations exception to diversity jurisdiction).  "Even

18   when a federal question is presented, federal courts decline to hear disputes which would deeply

19   involve them in adjudicating domestic matters."  Thompson v. Thompson, 798 F.2d 1547, 1558

20   (9th Cir. 1986); see also Tree Top v. Smith, 577 F.2d 519 (9th Cir. 1978) (declining to exercise

21   jurisdiction over habeas petition seeking custody of child who had been adopted by others).

22          In this circuit, federal courts refuse jurisdiction if the primary issue concerns child

23   custody issues or the status of parent and child or husband and wife.  See Coats v. Woods, 819

24   F.2d 236 (9th Cir. 1987); Csibi v. Fustos, 670 F.2d 134, 136-37 (9th Cir. 1982).  In Coats,

25   plaintiff, invoking 42 U.S.C. § 1983, alleged that defendants  involved in state court proceedings

26   had wrongfully deprived her of custody of her children, thereby depriving her of a liberty interest,

1   in violation of 42 U.S.C. §§ 1983, 1985(2), and 1985(3).  Because the action at its core

2   implicated domestic relations issues, the Ninth Circuit affirmed the district court's decision to

3   abstain from exercising jurisdiction.  Like Coats, this case appears to be at core a child custody

4   dispute.  In particular, plaintiff's claims amount to nothing more than an attack on the Superior

5   Court's order making her sons dependents of the court.  Just as in Coats, it appears this court

6   must decline to exercise jurisdiction over the instant case.

7                           2.  Request for Relief Barred by Rooker-Feldman

8           Plaintiff's specific request is made pursuant to 28 U.S.C. § 1446(a) for removal of

9   the two juvenile court cases involving plaintiff's sons.  Plaintiff has apparently misconstrued

10  herself to have been a criminal defendant in these proceedings.  Plaintiff was not a defendant,

11  and as such cannot remove an action.  See 28 U.S.C. § 1441(a).  Plaintiff's request for "removal"

12  amounts to a request for this court to review the state court proceedings.

13          A federal district court does not have jurisdiction to review errors in state court

14  proceedings.  Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 103 S. Ct.

15  1303, 1311-1312 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415, 44 S. Ct. 149, 150

16  (1923).  "The district court lacks subject matter jurisdiction either to conduct a direct review of

17  state court judgment or to scrutinize the state court's application of various rules and procedures

18  pertaining to the state case."  Samuel v. Michaud, 980 F. Supp. 1381 1411- 1412 (D. Idaho

19  1996).  See also Branson v. Nott, 62 F.3d 287, 291-92 (9th Cir. 1995) (finding no subject matter

20  jurisdiction over § 1983 claim seeking, inter alia, implicit reversal of state trial court action);

21  MacKay v. Pfeil, 827 F.2d 540, 544-45 (9th Cir. 1987) (attack on state court judgment because of

22  substantive defense improper under Rooker-Feldman).  If federal claims are "inextricably

23  intertwined" with a state court judgment, the federal court may not hear them.  Id.  "[T]he

24  federal claim is 'inextricably intertwined' with the state court judgment if the federal claim

25  succeeds only to the extent that the state court wrongly decided the issues before it."  Pennzoil

26  Co. v. Texaco, Inc., 481 U.S. 1, 25, 107 S. Ct. 1519, 1533 (1987) (Marshall, J., concurring).  In

1 sum, "a state court's application of its rules and procedures is unreviewable by a federal district

2 court." Samuel, 980 F. Supp. at 1412-13.

3          The substance of plaintiff's complaint is a demand for federal review of the state

4 court proceedings making  her sons dependents of the court.  As explained above, the basis of the

5 complaint is plaintiff's claim that the Superior Court lacked jurisdiction over her or her sons for

6 purposes of the juvenile dependency proceeding.  This argument amounts to nothing more than a

7 request for this court to review the state court dependency proceedings.  As such, the court lacks

8 jurisdiction over plaintiff's claims.

9          B.    Plaintiff Has No Authority To Bring Action On Behalf of Third Parties

10          In addition to the jurisdictional issues above, appearances in federal court are

11 governed by 28 U.S.C. § 1654.  While a non-attorney may represent him or herself in a lawsuit,

12 he or she has no authority to appear as an attorney for others.  "[A] parent or guardian may not

13 bring an action on behalf of a minor child without retaining a lawyer." Johns v. County of San

14 Diego, 114 F.3d 874, 877 (9th Cir. 1997).  See also Rowland v. California Men's Colony, 506

15 U.S. 194, 202, 113 S. Ct. 716, 721 (1993) (unincorporated association must appear through

16 counsel); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th cir. 1987) (dismissing

17 complaint signed only by nonlawyer trustee); Church of the New Testament v. United States, 783

18 F.2d 771, 772 (9th Cir. 1987) (church must appear in court through a licensed attorney);

19 Iannoccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998) (estate's action cannot be conducted pro se;

20 Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997) (same)).  The action is not proper insofar

21 as plaintiff, a non-lawyer, appears in some parts of the complaint to bring the action on behalf of

22 her sons.

23          Because this court lacks jurisdiction over plaintiff's claims, and cannot grant

24 plaintiff's request to remove the juvenile dependency proceedings to federal court, the complaint

25 should be dismissed.  Furthermore, plaintiff has previously filed a complaint (No. Civ.S-01-

26 2277) with this court setting forth virtually the same allegations.  The court gave her leave to

amend that complaint, and even liberally construed the amended complaint as attempting to

plead a cause of action under 42 U.S.C. § 1983 for violation of plaintiff's constitutional rights in

relation to the juvenile dependency proceedings.  The court finally determined that plaintiff's

complaint failed to state a claim on which relief could be granted and was frivolous.  Plaintiff's

attempt to launch a reprise of the prior case is unavailing.

Accordingly, IT IS RECOMMENDED that permission to proceed in forma

pauperis be DENIED and this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District

Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten

(10) days after being served with these findings and recommendations, plaintiff may file written

objections with the court.  Such a document should be captioned "Objections to Magistrate

Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections

within the specified time may waive the right to appeal the District Court's order.  Martinez v.

Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 7/12/05

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH/mb
Tilley0636.ifp

8